UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81913-AMC

OASIS CAPITAL, LLC

Plaintiff,

v.

NASON, YEAGER, GERSON, HARRIS & FUMERO, P.A. and BRIAN S. BERNSTEIN, ESQ.,

Defendants.

_______________________________________/

**DEFENDANTS' MOTION TO DISMISS**

COMES NOW Defendants, NASON, YEAGER, GERSON, HARRIS & FUMERO, P.A., and BRIAN S. BERNSTEIN, ESQ., by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby file this Motion to Dismiss Plaintiff's Second Amended Complaint, and in support thereof, state as follows:

## I. INTRODUCTION

This case arises out of the allegedly negligent legal representation of Plaintiff by Defendants in connection with three specific corporate matters between February and July of 2021. *See* ECF No. 23, ¶¶ 40, 54, 67, 104. According to Plaintiff, the Defendants misrepresented the number of Commitment Shares that Plaintiff was entitled to in an Equity Purchase Agreement with Molecular Data, Inc. and failed to file UCC-1 financing statements in connection with loans to Generex Biotechnology Corporation and Fact

Molecular Data, Inc. *See* id., ¶¶ 49, 66, 78, 105. Importantly, the Second Amended Complaint must be dismissed as a matter of law as the exhibits conclusively establish that the Defendants did not "fail" to file UCC financing statements.

## II. LEGAL MEMORANDUM

### A. Legal Standard

In reviewing a motion to dismiss, a court must accept the allegations in the complaint as true and "must construe the facts alleged in the light most favorable to the plaintiff." *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). While the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 555 (2007). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.,* 550 U.S. at 545. The complaint must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. The Exhibits Conclusively Establish that Defendants Are Not Liable For "Failing" to File UCC Financing Statements

Despite alleging professional negligence, breach of fiduciary duty, and breach of contract by Defendants for purportedly failing to file UCC-1 financing statements, *see* ECF No. 23, ⁋⁋ 113-115, 124-125, 130, 142, 152, 163, the fact of the matter is that the Convertible Promissory Notes attached to Plaintiff's Second Amended Complaint as Exhibits "E" and "F" permit this Court to dismiss such allegations with prejudice. *See,*


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9203 - (561) 683-8977 FAX

*e.g., Hoefling v. City of Miami*, 811 F. 3d 1271, 1277 (11th Cir. 2016)(explaining that "[a] district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, **and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls**.")(emphasis added); *Horsley v. Feldt*, 304 F. 3d 1125, 1134 (11th Cir. 2002)(stating that a court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2)…the authenticity of the document is not challenged.").

Notably, the Convertible Promissory Notes expressly delegate responsibility for filing UCC financing statements to an entity *other than Defendants*:

> The Company acknowledges and agrees that [Plaintiff] shall have the right to file a UCC-1 financing statement and any renewals and continuations thereof or other documents as [Plaintiff] may reasonably require with respect to this security interest. If a default occurs under this Note, [Plaintiff] shall have all rights and remedies of a secured party under the New York Uniform Commercial Code. **<u>The Company</u> shall take all such action in order to cause [Plaintiff] to have a lien and priority security interest in accordance with this Section 8 while this Note is outstanding**.

*See* ECF No.'s 23-5 & 23-6 at p. 2 (emphasis added).

While "Company" is not defined under the Notes, it clearly does not refer to Defendants. As this language appears on the face of the exhibits, and as it directly contradicts the allegations in Plaintiff's Second Amended Complaint, the exhibits should control and the Court should find that Defendants are not liable for purportedly failing to file UCC financing statements as a matter of law. *See, e.g., Deirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1341 (S.D. Fla. 2010)(stating that "[w]here the allegations of a complaint are expressly contradicted by the plain language of an attachment


COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9203 - (561) 683-8977 FAX

to that complaint, **the attachment controls, and the allegations are nullified**.")(emphasis added).

Importantly, the fact that Plaintiff is relying on the Notes to form the basis for its Generex and FCTI claims[1] is particularly problematic for Plaintiff, as the Eleventh Circuit has expressly held that "[t]he fact remains that where a plaintiff attaches documents and relies upon the documents to form the basis for a claim…**dismissal is appropriate if the document negates the claim**." *Crenshaw v. Lister*, 556 F. 3d 1283, 1392 (11th Cir. 2009)(internal citations omitted). In *Crenshaw*, an armed robbery suspect filed suit against police deputies for allegedly using excessive force during the course of an arrest. *Id.* at 1285. In support of his allegations, the plaintiff relied on police reports that he attached as exhibits to his complaint. *Id.* Explaining that "[b]ecause the officers' police reports attached to the complaint refute [the allegations in plaintiff's complaint], we do not credit [plaintiff's] allegations." *Id.* at 1292.[2]

Indeed, there is absolutely no shortage of binding case authorities making it absolutely clear that the exhibits attached to a complaint are an integral part of the pleadings that a court must consider when ruling on dispositive motions. *See Griffin Indus., Inc. v. Irvin*, 496 F. 3d 1189, 1206 (11th Cir. 2007)(explaining that "when the exhibits contradict the…allegations of the pleadings, **the exhibits govern**."); *Simmons v. Peavy-Welsh*

[1] Plaintiff cites the Notes at paragraphs 64 and 76 to show that it "**shall have the right to file a UCC-1 financing statement….**"

[2] The court further explained that "[t]his conclusion is [] supported by **the fact that [plaintiff] relied on the police reports in his complaint to support [his] allegations.**" *Crenshaw v. Lister*, 556 F. 3d at 1292.

*Lumber Co.,* 113 F. 2d 812, 813 (5th Cir. 1940)(stating that "[w]here there is a conflict between allegations in a pleading and exhibits thereto, **it is well settled that the exhibits control**.").

Notably, despite alleging wrongdoing by Defendants for purportedly "fail[ing] to perfect [Plaintiff's] security interest [in Fact Molecular Data Inc.] by filing a financing statement," ECF No. 23 at ⁋ 105, Plaintiff did not attach the pertinent loan documentation to its Second Amended Complaint. Defendants suspect that such documentation too contains exculpatory language suitable for the Court to dismiss the allegations with prejudice. At the very least, the Court should require Plaintiff to attach the FCTI documentation to its operative Complaint before requiring Defendants to answer. *See Strategic Marketing, Inc. v. Great Blue Heron Software*, Case No. 15-CIV-80032-BLOOM/Valle, 2015 WL 11438209, at *6 (S.D. Fla. May 12, 2015)(requiring plaintiff to include copies of a document to "negate[] any claims of inadequacy" by the defendant); *Burger King Corp. v. E-Z Eating 8th Corp.*, Case No. 07-20181-CIV-COOKE/BROWN, 2008 WL 11330723, at *5 (S.D. Fla. May 22, 2008)(holding that "[i]f a complaint…is muddled, a court can require the plaintiff to…attach the [documentation] to the complaint…").

**WHEREFORE**, Defendants, Nason, Yeager, Gerson, Harris & Fumero, P.A. and Brian S. Bernstein, Esq., respectfully request this Court to enter an Order dismissing all allegations from the Second Amended Complaint pertaining to the Generex and FCTI loans with prejudice, and granting any further relief that this Court deems just and proper.


COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 - (561) 383-9203 - (561) 683-8977 FAX

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of March, 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants Nason, Yeager, Gerson, Harris & Fumero, P.A. and Brian S. Bernstein, Esq.*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9203
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com
Secondary e-mail: jeremy.goldstein@csklegal.com
Alternate e-mail: daniel.dellarocca@csklegal.com

By: *s/ Jeremy F. Goldstein*
JONATHAN VINE
Florida Bar No.: 10966
JEREMY F. GOLDSTEIN
Florida Bar No.: 1022687