UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-81913-CANNON/REINHART

OASIS CAPITAL, LLC,

        Plaintiff,

v.

NASON, YEAGER, GERSON,
HARRIS & FUMERO, P.A. and
BRIAN S. BERNSTEIN, ESQ.,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO COMPEL BETTER RESPONSES TO
REQUESTS FOR PRODUCTION AND INTERROGATORIES (ECF NO. 38)**

On August 21, 2023, Defendants Nason, Yeager, Gerson, Harris & Fumero, P.A. and Brian S. Bernstein ("Defendants") filed a Motion to Compel Better Responses to Requests for Production and Interrogatories ("Motion"). ECF No. 38. I have reviewed the Motion, Plaintiff Oasis Capital, LLC's ("Plaintiff") response, and Defendants' reply. ECF Nos. 38, 40, 46. I also conducted a hearing on September 21, 2023. ECF No. 49. This order memorializes my rulings during the hearing and resolves the remaining matters that I took under advisement.

    **I.    Defendant Bernstein's First Set of Interrogatories**

The Motion challenges Plaintiff's responses to Defendant Bernstein's First Set of Interrogatories Nos. 2, 4, 5, and 9. Interrogatory No. 2 requests a description of Plaintiff's business model and a statement regarding "whether [Plaintiff] buys and sells securities for its own account, and what precent of its net revenue such activity

accounts for." ECF No. 38-4. For the reasons stated on the record, I overruled Plaintiff's objections to Defendants' request for information regarding Plaintiff's business model and I sustained Plaintiff's objections to the remainder of Interrogatory No. 2. Accordingly, Defendants' request to compel a better response to Interrogatory No. 2 is granted in part and denied in part.

Interrogatory No. 4 seeks information regarding whether Plaintiff, or its member Mr. Adam Long, have been charged with criminal conduct. I sustained in part and overruled in part Plaintiff's objection to providing information regarding Mr. Long's criminal conduct. For the reasons stated on the record, Plaintiff shall provide information regarding Mr. Long's prior criminal convictions, if any, but is not required to provide information regarding whether Mr. Long has been otherwise charged with criminal conduct. Accordingly, Defendants' request to compel a better response to Interrogatory No. 4 is granted in part and denied in part.

Interrogatory No. 5 seeks information regarding whether Plaintiff or Mr. Long have been parties to any civil litigation other than the current matter. Plaintiff agreed to amend its response to Interrogatory No. 5 with respect to Plaintiff's civil litigation history. For the reasons stated on the record, I sustained Plaintiff's objection to providing information regarding Mr. Long's civil litigation history. Accordingly, Defendants' request to compel a better response to Interrogatory No. 5 is granted in part and denied in part.

Interrogatory No. 9 seeks information regarding the loans provided by Plaintiff and/or non-party L2 Capital Management, LLC ("L2") in the last five years. During

the hearing, I took the parties' arguments regarding Interrogatory No. 9 under advisement. Upon further review, I find that Defendants have articulated a sufficient theory that some of the requested information is relevant to the claims and defenses in the case and is proportional to the needs of the case. A crucial issue in this case is whether the parties had a mutual unwritten understanding that Defendant would file a UCC-1. As Defendants argued at the hearing, Plaintiff's history of filing UCC-1s is circumstantial evidence of whether Plaintiff expected Defendants to file one, here. For that reason, Plaintiff shall respond to Interrogatory 9 by identifying all loans Plaintiff has made in the last five years, the date of the loan, the borrower, and whether a UCC-1 or other similar financing form was filed for each loan. Plaintiff need not provide the other information requested in Interrogatory 9 (i.e., repayment status, default status, and default penalties).

Plaintiff's objections regarding the loans provided by L2 are sustained. Defendants have not shown that L2's conduct is imputable to Plaintiff.

Plaintiff objects that any such evidence would not satisfy Federal Rule of Evidence 406. But, Rule 406 is a rule of admissibility, and information within the scope of discovery (i.e., relevant and proportional) "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The admissibility of this evidence at trial is not before me.

In addition, I find that Plaintiff has failed to support its argument that it should not have to produce the requested information because the production could "potentially cause" Plaintiff to breach confidentiality requirements related to the

3

transactions at issue in the request. Plaintiff has not shown that answering the interrogatory as narrowed by the Court will necessarily require it to disclose confidential information.

Accordingly, Defendants' request to compel a better response to Interrogatory No. 9 is granted in part and denied in part.

## II. Defendants' First Request for Production

Next, the Motion challenges Plaintiff's response to Defendants' First Request for Production No. 34, which seeks copies of all UCC-1 financing statements filed by Plaintiff in connection with any loan identified in response to Interrogatory No. 9. During the hearing, I took the parties arguments regarding Request No. 34 under advisement. Upon further review, and for the reasons stated above, only the dates of the UCC-1s and the borrower's identity are relevant. That information is being provided in response to Interrogatory 9. So, Request No. 34 is cumulative and not proportional to the needs of the case, at this stage of the litigation. Therefore, Defendants' request to compel a better response to Request No. 34 is denied.

## III. Defendants' Second Request for Production

Finally, the Motion challenges Plaintiff's responses to Defendants' Second Request for Production Nos. 1-6, which seek documents related to Plaintiff's interactions with the Securities and Exchange Commission. For the reasons stated on the record, I sustained Plaintiff's objections to Request Nos. 1-6. Therefore, Defendants' request to compel better responses to Request Nos. 1-6 is denied.

WHEREFORE, for the reasons stated above, it is ORDERED THAT:

1. Defendants' Motion to Compel Better Responses to Requests for Production and Interrogatories (ECF No. 38) is **GRANTED IN PART and DENIED IN PART**.

2. Plaintiff shall provide amended responses to Defendant Bernstein's First Set of Interrogatories Nos. 2, 4, 5, and 9 by **October 10, 2023**. The parties may mutually agree to extend this deadline without further Court intervention.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of September, 2023.

_____
BRUCE E. REINHART
United States Magistrate Judge