UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-81913-AMC

OASIS CAPITAL, LLC,

        Plaintiff,

        v.

NASON, YEAGER, GERSON, HARRIS &
FUMERO, P.A., and
BRIAN S. BERNSTEIN, ESQ.

        Defendants.

_____/

**ORDER ON MOTION TO COMPEL SECOND DEPOSITION
AND MOTION FOR PROTECTIVE ORDER [ECF Nos. 70.71]**

At Plaintiff's corporate representative's deposition, counsel instructed the deponent not to answer certain questions based on Plaintiff's interpretation of this Court's prior rulings. In dueling motions, the parties now dispute whether the corporate representative should be compelled to answer those questions. I have reviewed the deposition transcript. ECF No. 71-2 ("Tr"). For the following reasons, the Motion for Protective Order is GRANTED IN PART, and the Motion to Compel Second Deposition is DENIED.

*Percentage of Revenue from Internal Trading*

Defendants' counsel asked, "What percentage of Oasis' net revenue does [buying and selling securities for its own account] account for?" Tr. at 145:1-2. The deponent initially said that he did not know. Tr. at 145:3. Defendants' counsel then

re-asked the question and the deponent answered by saying that it did not track that information. Tr. at 147:2-20.

Defendants now argue that the deponent could have answered the question if he had been properly prepared. I reject this argument. A corporate party has a duty to designate and prepare a 30(b)(6) witness. To that end, it "must perform a reasonable inquiry for information that is reasonably available to it." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012) (J. Goodman). "The rule implicitly requires the corporation to review all matters known or reasonably available to it in preparation for a Rule 30(b)(6) deposition." *Id.* at 690.

The deponent did not refuse to answer the question. He explained that the information was not tracked. Defendants' counsel did not ask further questions to determine what records the deponent had reviewed or what other records might exist from which the percentage could be calculated. Defendants have not shown that the witness was inadequately prepared.

*Knowledge of the SEC Complaint*

Several times, Defendants' counsel identified a paragraph from the SEC Complaint and asked the deponent, "Do you see that?" Tr. at 152:20-2; 153:6; 154:6 - 7; 156:5-6; 157:4. Twice, Defendants' counsel read a portion of the SEC Complaint and asked, "Did I read that correctly?" Tr. at 158:12-13; 160:17-18. Each time, Plaintiff's counsel instructed the deponent not to answer. That instruction was based on the Court's prior ruling that any inquiry into the SEC Complaint was limited to the three transactions at issue in this lawsuit.

Defendants' questions did not run afoul of the Court's ruling. They were discoverable to establish Plaintiff's knowledge of the SEC allegations. They did not ask Plaintiff to admit the truth of these allegations. Plaintiff should have answered the questions. Nevertheless, reconvening the deposition is not the proper remedy. The same result can be achieved by having Plaintiff serve a sworn declaration stating that it is aware of the allegations in the SEC Complaint.

*Other Questions*

Based on an allegation in the SEC Complaint, Defendants asked the deponent to identify companies that Plaintiff used to conduct convertible note transactions. Tr. at 154:11-15. Plaintiff's counsel objected and instructed the witness not to answer. The objection is sustained. The Court's prior order limited questioning about the SEC Complaint only to topics that had a nexus to the three transactions at issue here. Defendants' question was not tied to these transactions, so it exceeded that limitation.

Based on a different allegation in the SEC Complaint, Defendants asked whether "Mr. Peterson reside[s] in Illinois." Tr. at 155:20-21. Plaintiff objected and instructed the deponent not to answer. The objection is sustained. Defendants did not lay a predicate that Mr. Peterson was involved in any of the three relevant transactions.

WHEREFORE, it is ORDERED that:

1. The Motion for Protective Order is GRANTED IN PART. On or before December 22, 2023, Plaintiff shall serve a sworn declaration stating whether it is aware of the allegations in the SEC Complaint.

2. The Motion to Compel Second Deposition of Plaintiff's Corporate Representative is DENIED.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of December 2023.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE