UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-CV-81913-CANNON/REINHART

OASIS CAPITAL, LLC,

               Plaintiff,

vs.

NASON YEAGER GERSON HARRIS
& FUMERO, P.A. and BRIAN BERNSTEIN,

               Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO STAY [ECF No. 82]

In its Second Amended Complaint, Oasis Capital, LLC, ("Oasis") sues its former lawyers Nason Yeager Gerson Harris & Fumero, P.A. and Brian Bernstein ("the Lawyers") for malpractice, breach of contract, and breach of fiduciary duty. ECF No. 23. Oasis lends money. It alleges that the Lawyers mishandled four transactions: (1) one with Molecular Data Inc. ("MKD"), (2) two with Generex Biotechnology Corporation ("Generex"), and (3) one with Fact Molecular Data Inc. ("FCTI") (collectively, "the Underlying Transactions"). The Lawyers now move to stay this case pending the conclusion of an SEC enforcement action against Oasis. For the following reasons, the Motion to Stay (ECF No. 82) should be **DENIED**.

## BACKGROUND

The MKD transaction involved an equity line of credit. ECF No. 23 ¶40. Oasis was to receive stock in MKD as a "commitment fee." *Id*. ¶42. Oasis claims the Lawyers drafted the transaction documents improperly, so Oasis did not receive the proper

number of shares. *Id.* ¶¶ 47–50. The other three transactions involved secured convertible promissory notes. *Id.* ¶¶ 57, 67. Oasis says the Lawyers did not file the necessary paperwork to perfect Oasis' security interests. *Id.* ¶¶ 54–78, 105–08. The MKD and Generex transactions occurred between in or about February 2021 and in or about July 2021. *Id.* ¶¶ 40, 56, 67. The Second Amended Complaint does not identify the date of the FCTI transaction.

The Lawyers deny the allegations. In their Amended Answer, they assert 11 affirmative defenses, including that "Plaintiff's claims are barred by the doctrine of *in pari delicto.*" ECF No. 58 at 12–14. The Lawyers say that Oasis violated federal securities laws in the Underlying Transactions, so the Lawyers cannot be liable for damages. *Id.*

Separately, on September 28, 2023, the Securities and Exchange Commission ("SEC") sued Oasis and its principal in the Northern District of Illinois for acting as unregistered securities dealers. ECF No. 82-1 ("the SEC Case"). The SEC Case complaint references "at least 20 Variable Convertible Note Transactions with at least 15 microcap or penny stock companies between November 2018 and August 2021," but does not specifically identify the transactions with MKD, Generex, or FCTI. *Id.* ¶36. One of the remedies requested by the SEC is that Oasis disgorge any profits from its allegedly unlawful dealings. *Id.* at 12.

## DISCUSSION

The Lawyers ask that this litigation be stayed until after the SEC Case is over. ECF No. 82. They argue it would be a defense in this case that (1) Oasis was acting

as an unlicensed securities dealer in the Underlying Transactions, (2) so it could not accrue any profits from those transactions, (3) so it has not suffered any damages from the Lawyers' alleged conduct. *Id.* at 5–7. The Lawyers say this case should be stayed until it is determined in the SEC Case whether Oasis violated federal securities laws. *Id.* at 8. Oasis responds that there are not enough (or any) common issues between this case and the SEC Case to justify a stay. ECF No. 83 at 3.

This Court has the inherent authority and discretion to stay proceedings; the party seeking a stay bears the burden of persuasion. *Elias LLC v. Virage Cap. Mgmt., LP,* No. 23-cv-22752, 2023 WL 6534486, at *2 (S.D. Fla. Sept. 15, 2023) (J. Altonaga). The Lawyers say the relevant factors in deciding whether to grant a stay are "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." ECF No. 82 at 8–9 (citing *Buchalter v. AstraZeneca Pharm., L.P.,* No. 17-cv-61630, 2018 WL 8244794, at *1 (S.D. Fla. July 24, 2018) (J. Seltzer)); *see also Elias,* 2023 WL 6534486, at *2 ("Typically, to determine whether a stay is required, courts consider a range of factors, including judicial economy and 'simplification of the issues in question[,]' as well as any potential 'undue prejudice to the nonmoving party[.]'") (brackets in cited case). Oasis' Response does not object to this legal standard, nor does it propose a different one. ECF No. 83.

This case should not be stayed. It is not at an early stage, but the SEC Case is. The original complaint in this case was filed over a year ago, in December 2022. ECF No. 1. The current scheduling order calls for discovery to conclude in approximately 30 days, with a trial in just over six months. ECF No. 45. In contrast, the SEC Case was filed less than five months ago. ECF No. 82-1. The record does not reflect the litigation progress in that case nor the likely timeframe for it to be resolved.[1] Without that information, this Court cannot conclude that judicial economy and/or the interest in just, speedy, and inexpensive resolution of cases, would be served by a stay. *See* FED. R. CIV. P. 1.

I am also aware from personal experience that SEC civil claims often resolve with a settlement under which the defendant does not admit to violating the federal securities laws. *See* 17 C.F.R. 202.5(e). So, there is no guarantee that waiting for the SEC Case to resolve will bring any efficiency or clarity to this case.

Oasis will be prejudiced by a stay. Oasis claims substantial economic damages. *See* ECF No. 23 at 33. Assuming that Oasis has meritorious claims, a stay will unduly delay any remedy. In contrast, the Lawyers are not unduly prejudiced by denying a stay. Certainly, they will save attorneys' fees if the SEC proves their case for them. But, they are not tactically prejudiced. If it is a proper defense here that the

---

[1] According to the December 31, 2023, statistics from the Administrative Office of the U.S. Courts, the median time to trial for civil cases in the Northern District of Illinois is 56.9 months. UNITED STATES DISTRICT COURTS—NATIONAL JUDICIAL CASELOAD PROFILE, https://www.uscourts.gov/file/78136/download (last visited 2/21/24).

Underlying Transactions violated federal securities laws, the Lawyers can try to prove that defense. Denying a stay does not impede their ability to do so.

The Lawyers have not shown that a stay will simplify the issues in question and streamline the trial. Unless the SEC is claiming that Oasis violated federal securities laws *in the MKD, Generex, and FCTI convertible promissory note transactions,* the SEC Case will have no preclusive effect and will not simplify this case. At most, the Lawyers have shown that there is a temporal overlap between the two cases, and Oasis admits that it produced some information about the Underlying Transactions to the SEC. But, the Lawyers have not shown that the SEC's claims encompass the four transactions at issue here. And, at least one of the Underlying Transactions does not involve a convertible promissory note, so the outcome of the SEC Case will not affect the proof relating to that transaction.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** the Motion to Stay (ECF No. 82).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

If counsel do not intend to file objections, they shall file a notice advising the District Court within **FIVE (5) DAYS** of this Report and Recommendation.

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 22nd day of February 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE