UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81913-CIV-CANNON/Reinhart

**OASIS CAPITAL, LLC,**

    Plaintiff,
v.

**NASON, YEAGER, GERSON,
HARRIS & FUMERO, P.A.,** and
**BRIAN S. BERNSTEIN,**

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS [ECF No. 87]**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Stay Case Pending Resolution of SEC Litigation Against Plaintiff (the "Motion") [ECF No. 82]. The Motion was referred to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 85]. On February 2, 2024, Judge Reinhart issued a report recommending denial of the Motion (the "Report") [ECF No. 87]. Defendants filed timely Objections to the Report [ECF No. 97], to which Plaintiff responded [ECF No. 113]. The Court has reviewed the Report [ECF No. 87], Defendants' Objections [ECF No. 97], Plaintiff's Response [ECF No. 113], and the full record. For the reasons set forth below, the Report [ECF No. 87] is **ACCEPTED**, and the Motion [ECF No. 82] is **DENIED.**

**RELEVANT BACKGROUND**

Plaintiff brings this action against its former lawyers, alleging malpractice, breach of contract, and breach of fiduciary duty [ECF No. 23]. Plaintiff alleges that Defendants mishandled a series of convertible promissory note transactions related to dealings with Molecular Data Inc.

("MKD"), Generex Biotechnology Corporation ("Generex"), and Fact Molecular Data Inc. ("FCTI") [ECF No. 23 ¶ 39]. Specifically, Plaintiff asserts that Defendants improperly drafted documents concerning a transaction involving MKD, and that as a result, Plaintiff did not receive the proper number of shares [ECF No. 23 ¶ 53]. In addition, Plaintiff alleges that Defendants failed to file the necessary paperwork to perfect Plaintiff's security interests in the Generex and FCTI transactions [ECF No. 23 ¶ 109].

On September 28, 2023, in a separate federal action, the Securities and Exchange Commission ("SEC") filed a complaint against Plaintiff in the U.S. District Court for the Northern District of Illinois, Eastern Division [ECF No. 82-1]. In that pending action, which was recently transferred to a different U.S. District Judge,[1] the SEC alleges that Plaintiff acted as an unregistered dealer and yielded significant profits from engaging "in at least 20 Variable Convertible Note Transactions with at least 15 microcap or penny stock companies between November 2018 and August 2021" [ECF No. 82-1 ¶ 36]. The SEC did not specifically identify any transactions with MKD, Generex, or FCTI in its complaint.

## PROCEDURAL HISTORY

On January 31, 2024, Defendants filed the instant Motion to Stay Case Pending Resolution of the SEC Litigation Against Plaintiff [ECF No. 82]. Following referral, Judge Reinhart issued the instant Report [ECF No. 87]. The Report recommends denying Defendants' Motion for three overall reasons: (1) a stay would not promote judicial economy or save party resources given the early stages of the SEC case as compared to the significantly more developed posture of this proceeding; (2) the extent to which a potential resolution in the SEC matter would clarify or resolve issues in this case is unclear and attenuated; and (3) Plaintiffs would be prejudiced by a stay in the

---

[1] *See* Case No. 23-14260-CIV (N.D. Ill.)

form of unnecessary delay [ECF No. 87]. The Report is ripe for adjudication [ECF Nos. 87, 97, 113].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). And more generally, it is well-established that the standard for granting a stay is discretionary [ECF No. 87 p. 3].

## DISCUSSION

Upon de novo review of the Report in light of Defendants' Objections and the full record, the Court agrees with the Report's discretionary recommendation that a stay is not warranted. The Report properly evaluates the factors applicable to evaluating a stay request. *See Buchalter v. AstraZeneca Pharms., LP*, No. 17-61630-CIV, 2018 WL 8244794, at *1 (S.D. Fla. July 24, 2018). As the Report determines, this case has been active for over a year, with discovery completed last month, and mediation scheduled to take place on April 8, 2024 [ECF Nos. 1, 45, 64, 74]. Additionally, Plaintiffs have made an adequate showing that they will be prejudiced by a stay. By

reasonable estimates, the SEC action, recently transferred to a different judge, likely will take years to resolve, if not more, creating an undue delay in Plaintiff's ability to seek the very substantial damages sought in this action [*see* ECF No. 87 p. 4; ECF No. 23 ¶ 121].  More fundamentally, Defendants have not established a sufficient basis to believe that waiting likely years until resolution of the SEC case will materially impact resolution of this proceeding or otherwise simplify the issues in question—at least not to a degree warranting the discretionary grant of a stay.  This is especially so given that the pending SEC litigation does not expressly concern the disputed transactions in this case [ECF No. 82-1].  In sum, the Court agrees with the Report that Defendants "have not shown that the stay will simplify the issues in question or streamline the trial" [ECF No. 87 p. 5].

Defendants' Objections do not reveal error in the Report's ultimate decision to recommend against a stay.  Defendants state, for example, that the pending SEC litigation will "preclude the pending claims" in this case, because a finding in the SEC action that Plaintiff acted as an unlicensed securities dealer will invalidate all of Plaintiff's transactions and therefore preclude Plaintiff's recovery of damages in this case in light of Defendants' *in pari delicto* affirmative defense [ECF No. 97 p. 2].  Although somewhat reasonable, Defendants' Objection (crystalized really for the first time in the form of Objections) does not change the Court's discretionary stay calculus.  It remains the case that any impact from the SEC case on Defendants' equal-fault defense and Plaintiff's recovery of damages is attenuated and hinges on a series of uncertain variables—a finding of liability in the SEC action (whenever, and if, it comes to pass), clear application of that finding of liability to invalidate the subject transactions in this case on the multiple theories of liability raised (an unsettled question), and application of that finding of liability to any hypothetical damages awarded in this case based on the affirmative defenses raised [ECF No. 87

pp. 4–5]. Those uncertain contingencies do not sufficiently tip the scales in favor of a stay given the unavoidable, substantial delay that any such stay would cause on Plaintiff's entitlement to proceed with its case. Defendants also take issue with the Report's finding that Defendants will not be unduly prejudiced by a stay, citing difficulties in obtaining discovery [ECF No. 97 pp. 8–10]. As the record reflects, however, Magistrate Judge Reinhart continues to responsibly manage contested discovery matters in this case, including as relate to matters in the SEC case [*see* ECF No. 121].

For these reasons, and for the reasons stated in the Report, the Court exercises its discretion not to grant the requested stay, which Defendants sought nearly four months after the SEC case commenced on September 28, 2023. The Report and Recommendation [ECF No. 87] is **ACCEPTED**. Defendants' Motion to Stay [ECF No. 82] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of April 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record