UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81913-AMC/BER

OASIS CAPITAL, LLC

Plaintiff,

v.

NASON, YEAGER, GERSON, HARRIS & FUMERO, P.A. and BRIAN S. BERNSTEIN, ESQ.,

Defendants.

_________________________________/

**DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION TO EXCLUDE, ZACH SHELOMITH, AS PLAINTIFF'S WITNESS AT TRIAL**

Defendants, Nason, Yeager, Gerson, Harris & Fumero, P.A. ("Firm") and Brian S. Bernstein, Esq. ("Bernstein") (collectively, "Defendants"), hereby move for leave to file a motion to exclude, Zach Shelomith as a witness at trial, and in support thereof, state:

**SUMMARY OF THE ARGUMENT**

Plaintiff is attempting to backdoor yet another hybrid witness, Zach Shelomith, Esq. ("Shelomith"), at trial. Shelomith is counsel of record for Plaintiff in this case (ECF No. 80)[1] and served as Plaintiff's counsel in the adversary action filed by Marc Barmat, as the Chapter 7 Trustee for Generex Biotechnology Corp. against Plaintiff in the case styled, *Marc Barmat, as the Chapter 7 Trustee v. Oasis Capital, LLC*, Adv Case No. 23-01081-PRD, in the United States Bankruptcy Court Southern District of Florida ("Adversary Action"). *See* Notice of Appearance, at **Exhibit 1**.

As discussed below, Plaintiff failed to disclose Shelomith during discovery in this action. Rather, similar to its late disclosure of Marshall & Stevens Inc. and Marc Barmat, Plaintiff

[1] No motion to withdraw or termination Shelomith's representation has ever been filed.

disclosed Shelomith the day before the deadline for the discovery on March 14, 2024 in its Amended Initial Disclosures, which is utterly insufficient under Rule 26(a) and Rule 26(e). *See Wanda Jean-Baptiste v. City of Miami*, 2025 WL 360817, * 3 (S.D. Fla. Jan. 3, 2025) (excluding 5 late disclosed witnesses). Subsequently, Plaintiff identified Shelomith on its pre-trial witness list, without any description of who he is or what he will testify about, as a witness "if needed." ECF No. 194-5.

However, the same day, Plaintiff did not include Shelomith in its portion of the parties' Joint Trial Plaintiff submitted to the Court. *See* Joint Trial Plan, at **Exhibit 2**; ECF No. 161. Since Shelomith was not named in Joint Trial Plan, it was Defendants understanding that Plaintiff did not intend to call Shelomith as a witness at trial. However, on March 19, 2025—***12 days before the start of trial***—Plaintiff indicated that it intended to call Shelomith as a witness at trial, not as a true fact witness, but rather, as a backdoor hybrid witness.

The purpose of Rule 26 is to allow for adequate case preparation and foreclose unfair surprises. *See Securities and Exchange Commission v. Montano*, 2019 WL 2254946, * 2 (M.D. Fla. Mar. 5, 2019) (citing *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015). Plaintiff continues to ignore its obligations under Rule 26. Accordingly, for the reasons set forth below, this Court should grant Defendants' motion for leave to file a motion to exclude Shelomith because:

(1) **Good cause exists to grant Defendants' motion for leave because Defendants were not aware until 12 days before trial that Plaintiff intended to call Shelomith as a witness at trial and thus, could not have filed a motion in limine to exclude Shelomith prior to the August 1, 2024 deadline.** *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (The good cause standard enunciated in Rule 16(b) "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' ").

(2) **Shelomith was not timely disclosed prior to the discovery deadline and Plaintiff failed to include Shelomith in its Joint Trial Plan**. *See Clingman & Hanger Mgmt.*

*Assocs., LLC v. Knobel*, No. 16-62028-CIV, 2018 WL 2694594, at *2 (S.D. Fla. Apr. 19, 2018), *report and recommendation adopted*, 2018 WL 2688759 (S.D. Fla. May 8, 2018) (holding that the addition of three fact witnesses to initial disclosures on December 22, 2017 was untimely given that the discovery cutoff date was January 3, 2018); and

(3) **Plaintiff's late disclosure is not substantially justified or harmless.** *Lawler v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 770 (11th Cir. 2008) (because the plaintiff failed to amend her discovery disclosures to identify her witness, the magistrate judge did not abuse his discretion in striking her witness affidavit); and

(4) **Plaintiff intends to utilize Shelomith as an undisclosed hybrid witness, not a fact witness**. Rule 26(a)(2)(C) requires hybrid witnesses to disclose: (i) the subject matter on which the expert is expected to present evidence, and (ii) a summary of the facts and opinions to which the witness is expected to testify. *See Bingham v. Baycare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 5106946, at *4 (M.D. Fla. Sept. 20, 2016) (holding that Rule 26(a)(2)(C) requires disclosure of all facts and opinions).

## ARGUMENT

### I. Good cause exists to grant Defendants' Motion

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard precludes modification of the case management schedule unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418.

Here, Defendants could not have met the original scheduling order deadline to file a pretrial motion in limine to exclude Shelomith as a witness because Defendants were not aware that Plaintiff would be seeking to call him as a witness until 12 days before trial is set to begin on March 31, 2025. ECF No. 183. Specifically, the following timeline of events is important to understand Plaintiff's failure to properly disclose Shelomith as a witness:

- The Complaint was filed on December 13, 2022. *See* ECF No.1.
- On March 1, 2023, Plaintiff served its Initial Disclosures, which did **not** disclose Shelomith as an individual likely to have discoverable information about this case. *See* Initial Disclosures, at **Exhibit 3**.

- Discovery lasted over a year. During discovery, Shelomith was **not** mentioned at any of the depositions.

- On January 24, 2024, Shelomith made an appearance as counsel for Plaintiff in this action. ECF No. 80.

- On the day before discovery was over, March 14, 2024, Plaintiff served its Amended Initial Disclosures to disclose Shelomith as an individual likely to have discoverable information. *See* Amended Initial Disclosures, at **Exhibit 4**.

- Discovery cutoff deadline was March 15, 2024. ECF No. 45.

- On August 1, 2024, Plaintiff disclosed Shelomith, without any description of who he is or what he will testify about, as a witness "if needed." ECF No. 194-5.

- On August 1, 2024, the parties exchanged their draft joint trial plan. Therein, Plaintiff did **not** identify Shelomith as a witness it would call at trial. *See* Plaintiff's Draft Joint Trial Plain, at **Exhibit 5**.

- On August 2, 2024, Plaintiff and Defendants submitted a Joint Trial Plan to the Court, which did **not** identify Shelomith as a witness Plaintiff would call at trial ECF No. 161; *see* Joint Trial Plain, at **Exhibit 2**.

As set forth in the above timeline, Plaintiff waited until the day before discovery was over to sandbag and prejudice the Defendants' ability to develop any discovery as to Shelomith. Further, in their draft Joint Trial Plan, Plaintiff led Defendants to believe they did not intend to call Shelomith thus, prejudicing the Defendants' ability to seek to exclude Shelomith as witness prior to the August 1, 2024 deadline for all pretrial motions. For the next seven months, Plaintiff never disclosed that they intended to call Shelomith as a witness at trial. It was not until March 19, 2025—12 days before trial is set to begin—that Plaintiff disclosed that it intended to call Shelomith as a witness. Accordingly, Defendants could not have met the original scheduling order to file a pretrial motion in limine to exclude Shelomith as a witness on August 1, 2024 and good cause exists to grant the instant motion for leave to file a motion to exclude Shelomith.

## II. Shelomith was not timely disclosed prior to the discovery deadline

Defendants respectfully request this Court to grant the instant motion for leave to file a motion to exclude Shelomith as a witness because of Plaintiff's failure to comply with its duties under Rule 26.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." Rule 26(e) requires a party to supplement its initial disclosures "in a timely manner ... if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

The purpose of Rule 26(a) is to allow for adequate case preparation and foreclose unfair surprises. *See Securities and Exchange Commission v. Montano*, 2019 WL 2254946, * 2 (M.D. Fla. Mar. 5, 2019) (citing *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015). "Rule 26(a)'s goal is to quicken exchanging basic information and remove the paperwork in asking for that information. *Id.* **There are two purposes for disclosing the witness information under Rule 26(a): enabling direct interviews or depositions or collecting evidence from the witness, and allowing " 'a party to develop its own evidence through available sources, such as its own employees, to rebut the witness's statements.**' " *Id.* at *2 (citing *Celgene Corp.*, 2015 WL 12731923, at *3) (quoting *F.T.C. v. Sysco Corp.*, 308 F.R.D. 19, 22 (D.D.C. Mar. 31, 2015) )) (bolding supplied).

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Federal Rule of Civil Procedure 26(a) or (e), the party is not

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (affirming the District Court's striking of affidavits submitted in opposition to summary judgment when the deadline for discovery had passed and affiants were not listed in the Plaintiff's initial disclosures and there was no attempt to supplement the disclosures); *Lawler v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 770 (11th Cir. 2008) (because the plaintiff failed to amend her discovery disclosures to identify her witness, the magistrate judge did not abuse his discretion in striking her witness affidavit).

Here, in what appears to be a consistent practice of Plaintiff, Shelomith was not properly and timely identified as a potential witness to afford Defendants a reasonable opportunity to take Shelomith's depositions prior to the discovery cutoff. As set forth above, Plaintiff did not disclose Shelomith as an individual likely to have discoverable information about this case in its Initial Disclosures served on March 1, 2023. *See* Initial Disclosures, at **Exhibit 3**. Shelomith was not mentioned at any of the depositions. Rather, on the day before discovery was over, March 14, 2024, Plaintiff served its Amended Initial Disclosures to disclose Shelomith as an individual likely to have discoverable information. *See* Amended Initial Disclosures, at **Exhibit 4**. Discovery cutoff was March 15, 2024. *See* ECF No. 45.

Local Rule 26.1(d) provides that "[p]arty and non-party depositions must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date." S.D. Fla. L.R. 26.1(d). Here, Plaintiff's disclosure of Shelomith was not timely because Defendants were not permitted a reasonable opportunity to take Shelomith's depositions, which is especially true given that the amended initial disclosures were served the day before the discovery cutoff.

Courts in this District and the 11th Circuit routinely exclude such late disclosed witnesses. *See Clingman*, 2018 WL 2694594, * 2 (excluding witnesses disclosed on December 22, 2017 when fact discovery in this case expired on January 3, 2018); *Millen v. Georgia Renewable Power, LLC*, 2022 WL 4295337, (M.D. Ga. Sep. 16, 2022) (excluding nine witnesses that were disclosed fourteen days prior to the discovery cutoff date); *Lawver v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 770 (11th Cir. 2008) (because the plaintiff failed to amend her discovery disclosures to identify her witness, the magistrate judge did not abuse his discretion in striking her witness's affidavit); *Jones v. Aaron's Inc.*, 748 F. App'x 907, 914 (11th Cir. 2018) (affirming the district court's striking of declarations of witnesses disclosed on the last day of discovery because the late disclosure, which deprived the defendant of the opportunity to depose them or gather discovery, was not harmless). Accordingly, Defendants respectfully request this Court grant them leave to exclude Shelomith.

## III. Plaintiff's Late Disclosure is Not Substantially Justified or Harmless

Good cause also exist for Defendants' motion for leave to file a motion to exclude Shelomith to be granted because Plaintiff's late disclosure cannot be justified nor is it harmless. As detailed above, Shelomith was not disclosed until one day before the discovery cutoff date. On August 1, 2024, the parties exchanged drafts of their Joint Trial Plam, which Plaintiff did not include Shoesmith on its portion. On August 2, 2024, the final Joint Trial Plan was filed Plaintiff did not include Shelomith as a witness it intended to call at trial.[2] ECF No. 161. Over the past seven (7) months, Plaintiff never indicated that it intended to call Shelomith as a witness.

---

[2] Plaintiff also did not include other listed "if needed" witnesses such as DongliAng Chang, Marc Barmat, C. Christopher Louis, Kenneth Pantoga, or Darlene Armour on its portion of the Joint Trial Plan. *See* ECF No. 161.

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted). In determining whether an undisclosed witness should be excluded under Rule 37(c), courts typically consider "the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party." *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008). To be sure, a non-disclosing party's assertion that it is the obligation of the opposing party to " 'ferret out' information through discovery" distorts the non-disclosing party's "affirmative obligations under Rule 26." *Toste v. Beach Club at Fontainbleu Park Condominium Association, Inc.*, 2021 L 8946468, *3 (S.D. Fla. Aug. 3, 2021) (Moore, J). "There is no requirement that parties proactively anticipate the witnesses that the opposing party might call and depose those witnesses based on pure speculation as to the subject matter of their testimony. That Defendant had in its possession [of a document] does not obviate the need for Plaintiff to comply with the clear mandates of Rule 26." *See Phillips,* 2021 WL 6750538, at * 2.

Here, Plaintiff's late disclosure of Shelomith is not substantially justified or harmless nor did Plaintiff offer any justification for the same during the parties' conferral. To be sure, as this Court noted with Darlene Armour, Plaintiff easily could have listed Shelomith as a witness in conformity with Rule 26 at any time during the year discovery was pending, but it did not. ECF No. 202, p. 7. Instead, Plaintiff waited until the day before discovery was over to sandbag and prejudice the Defendants' ability to take Shelomith's deposition or develop any other discovery into his anticipated testimony. Further, in their draft Joint Trial Plan, Plaintiff led Defendants to believe they did not intend to call Shelomith thus, prejudicing the Defendants' ability to seek to exclude Shelomith as witness prior to the August 1, 2024 deadline for all pretrial motions. For the

next seven months, Plaintiff never disclosed that they intended to call Shelomith as a witness at trial until 12 days before trial is set to begin.

Plaintiff's conduct is intentionally meant to prejudice the Defendants from any meaningful opportunity to develop any discovery in regard to Shelomith's anticipated testimony. *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (Ungaro, J.) (quoting *Berryman–Dages v. City of Gainesville Fla.*, No. 1:10cv177-MP-GRJ, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012)( "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question.")). Accordingly, Plaintiff's conduct is not substantially justified or harmless and as such, Defendants respectfully request this Court grant them to file a motion to exclude Shelomith.

### IV. Plaintiff intends to utilize Shelomith as an undisclosed hybrid witness, not a fact witness

Finally, in light of this Court's Omnibus Order on Cross Motions in Limine (ECF No. 202) excluding the Fair Market Analysis and Darlene Armour, Defendants believe that Plaintiff is now pivoting and will attempt to utilize Shelomith as an undisclosed hybrid witness. During the parties' conferral, Plaintiff advised that Shelomith would testify as to what he did in the Adversary Proceeding "and the reasons therefor." This is plainly using Shelomith as an undisclosed hybrid witness.

A hybrid witness provides "fact and opinion testimony that is grounded in their scientific, technical, or specialized knowledge." *Hyde Park Storage Suites Daytona, LLC v. Crown Park Storage Suites, LLC*, 631 F. Supp. 3d 1203, 1223 (M.D. Fla. 2022) (internal citation omitted). A hybrid witness must provide a "identify the subject matter on which the witness is expected testify


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

and a summary of the facts and opinions to which the witness is expected to testify." Rule 26(a)(2)(C).

As stated above, Shelomith was the attorney for Plaintiff in the Adversary Proceedings. Thus, Shelomith is not a traditional fact witness who would offer observations based on his personal knowledge of the facts of the case and as to his lay opinions to the extent such opinions testimony is based on his personal experience and is helpful in understanding his decision-making process. *See Kaplan v. Kaplan*, 2012 W: 1660605, * 2 (M.D. Fla. May 11, 2012) (holding lawyer witnesses disclosed by plaintiff may testify "such witnesses may testify only as to their observations based on personal knowledge of the facts of the case and as to their lay opinions to the extent such opinions testimony are based on the witness' personal experience and is helpful in understanding the witness' decision making process.")

Rather, he is a professional who will offer fact and opinion testimony based upon his specialized knowledge as an attorney. To be sure, there is a difference between Shelomith testifying for example, "on X date, I filed this Motion/Response on behalf of Oasis Capital" versus "the estate of Generex in the bankruptcy had a value of X and had a proper UCC-1 been timely filed, Oasis Capital would have received X dollars." The former would be appropriate fact witness testimony based on Shelomith's personal knowledge. However, the latter would be crossing the line into expert testimony based upon Shelomith's specialized knowledge of the law and remedies. Plaintiff should not be permitted to backdoor Shelomith as an undisclosed hybrid witness at this late juncture. *See Reyes v. BJ's Restaurants, Inc.*, 774 F. A'ppx 514, 517–18 (11th Cir. 2019) (affirming the district court's striking of a witness when the plaintiff supplemented his disclosures to switch a lay witness to an expert witness two weeks after defendant moved for summary judgment, because the defendant lacked an opportunity to depose the witness or offer rebuttal


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

evidence). Accordingly, Defendants respectfully request this Court grant them leave to file a motion to exclude Shelomith.

**CERTIFICATE OF CONFERRAL**

We hereby certified that on March 19 and 20, 2025, Counsel for Defendants conferred with Counsel for the Plaintiff, who opposes the relief sought herein.

Dated: March 21, 2025

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants*
Esperante Building
222 Lakeview Ave., Suite 120
West Palm Beach, Florida 33401
Jonathan.vine@csklegal.com
Sheena.maldonado@csklegal.com
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By: */s/ Sheena S. Maldonado*
Jonathan Vine, Esq.
Florida Bar. No. 10966
Sheena S. Maldonado, Esq.
Florida Bar No.: 118919