**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 22-81913-CIV-CANNON/Reinhart**

**OASIS CAPITAL, LLC**,

Plaintiff,

v.

**NASON, YEAGER, GERSON, HARRIS & FUMERO, P.A.**, and **BRIAN BERNSTEIN**,

Defendants.

_____________________________________/

**ORDER DENYING PLAINTIFF'S ORE TENUS MOTION REGARDING PLAINTIFF'S EXPERT HUNTER MALIN**

**THIS CAUSE** comes before the Court upon Plaintiff's ore tenus motion presented at the Final Pretrial Conference regarding its expert Hunter Malin [ECF No. 223]. For the reasons explained below, Plaintiff's motion is **DENIED**. Plaintiff's expert Malin may testify on the obligation to file a UCC-1 and the direct consequences of such a failure, in a general sense, in accordance with the Court's prior *Daubert* Order [ECF No. 190 p. 21]. Plaintiff's belated effort to inject damage-related evidence through Malin—and to introduce references to excluded damage-related evidence through Malin—is inconsistent with the Court's prior *Daubert* Order and Plaintiff's specific representations on the non-damage scope of Malin's expert testimony.

***

During the Final Pretrial Conference held on March 27, 2025 [ECF No. 223], Plaintiff argued that its anticipated standard-of-care expert witness, Hunter Malin—previously excluded as an expert on damages following Plaintiff's concession [ECF No. 190 pp. 20–22]—should nonetheless be permitted to reference previously excluded evidence regarding damages in his

anticipated trial testimony and offer opinions on the basis of that information. Specifically, Plaintiff explained that it wishes to question Malin on his opinion regarding whether Generex's assets would continue as a going concern or would have been sold at a "fire sale." Tr. 36, 38 (Mar. 27, 2025, Pre-Trial Conference).[1] Plaintiff also explained that it seeks to question Malin on the basis of his foregoing opinion, which includes Malin's review of a now-excluded November 2020 Fair Market Analysis of Generex and a 2010 Appraisal of Generex's intellectual property, which Plaintiff affirmatively disclaimed earlier in this proceeding [ECF No. 118-5 p. 2; *see* ECF No. 202 pp. 4–9 (excluding November 2020 Fair Market Analysis of Generex as hearsay); ECF No. 192 p. 32 (Plaintiff's counsel affirming that "we're not going to use the 2010 document")]. Plaintiff acknowledges that the underlying 2020 Analysis is inadmissible as determined by Court Order and that Plaintiff itself withdrew reliance on the 2010 Appraisal [*see* ECF No. 192 p. 32 (acknowledging that 2010 Appraisal was "off the table")]. But Plaintiff nevertheless says that Malin should be able to refer to those inadmissible items in his testimony because (1) both documents are listed on Malin's expert report as "materials reviewed" [ECF No. 118-5 p. 2]; and (2) experts can generally base an opinion on hearsay or otherwise inadmissible evidence under Federal Rule of Evidence 703. Tr. 35–38.

Defendants vehemently oppose this request. Tr. 41–43. Defendants note that, in their prior *Daubert* Motion regarding Malin, they specifically objected to Malin's view on Generex's status as a going concern [ECF No. 118 pp. 4–5 (specifically challenging Malin's going-concern assumption as speculative)]. That aspect of Defendants' Motion, Defendants note, was denied as moot and/or granted by the Court following Plaintiff's representation in its Response (and during a hearing) that Plaintiff was not offering Malin as an expert on damages [ECF No. 175 p. 81; *see*

[1] This transcript is cited as "Tr. _" in this Order.

ECF No. 175 p. 71 (Plaintiff's counsel characterizing "going concern" nature of Generex as a component or argument on damages); ECF No. 190 p. 21 (Court order memorializing Plaintiff's concession that Malin was not proffered as an expert on damages); ECF No. 124 p. 18 (Plaintiff's Response to Defendants' *Daubert* Motion)]. As such, Defendants characterize Plaintiff's current effort vis-à-vis Malin as a blatant re-litigation of a previously conceded withdrawal of Malin as a damage expert. Defendants also continue to maintain that Malin is not qualified to render an expert opinion on Generex's financial status or the possibility of its "fire sale." Tr. 41–42; *see* ECF No. 118 pp. 10–11.

Upon review of the procedural history of this case and the full record, the Court has no hesitation concluding that Plaintiff's eve-of-trial request to have its standard of care expert offer expert opinions on Generex's status as a going concern and potential fire sale—based on now-excluded and/or affirmatively withdrawn appraisals/analyses—is improper and unfair. First, Plaintiff specifically represented during the *Daubert* litigation concerning Malin that Plaintiff was not proffering Malin as a damage expert [ECF No. 124 p. 18; ECF No. 175 p. 81]. That concession came following Defendants' specific challenge to Malin's opinion regarding the going-concern nature of Generex [ECF No. 118 p. 5]. The Court accepted that representation and ruled in its *Daubert* motion, consistent with Plaintiff's concession, that Malin's expert testimony was limited to the question of standard of care [ECF No. 190 pp. 20–22]. For Plaintiff now to seek to use Malin to introduce expert opinions about Generex's business status is clearly inconsistent with Plaintiff's representations throughout this case. Nor is the Court persuaded by Plaintiff's last-ditch effort to suggest that Malin's "going concern" testimony is not related to damages. The two documents on which Plaintiff seeks to question Malin (2010 Appraisal and the 2020 Fair Market Analysis) are plainly related to damages, as Plaintiff itself has suggested in litigating this case

[ECF No. 175 p. 71 (hearing); ECF No. 171 (response to Defendants' motion *in limine* arguing the appraisal proves collectability); ECF No. 143 pp. 4–5 (response to Defendants' summary judgment motion arguing that the appraisal proves that damages were collectible)]. Not only that, Plaintiff explicitly and affirmatively represented to the Court that it was "not going to use the 2010 document" in this case [ECF No. 192 p. 32 (acknowledging that 2010 Appraisal was "off the table")]. Plaintiff's current attempt to somehow introduce the two documents—both related to damages, one excluded, and one dropped by Plaintiff [ECF No. 202 pp. 4–9]—through an expert witness who is explicitly not permitted to testify about damages after Plaintiff's own concession [ECF No. 190 pp. 20–22]—is an improper effort to relitigate decided issues and must be rejected.[2]

For these reasons, the Court's *Daubert* Motion on Malin remains in effect [ECF No. 190 pp. 20–22]. Malin is qualified to testify on a lawyer's obligation to file a UCC-1 in this circumstance, including that such a failure would leave a creditor's status unperfected. He may not testify or reference the inadmissible damages evidence in the 2010 Appraisal or the 2020 Analysis. Any particularized objections to his testimony must be raised contemporaneously during trial.

One final point. Although Plaintiff's unfair attempt to inject excluded damage-related evidence through Malin should not necessitate additional *Daubert* rulings at this late stage, the Court agrees with Defendants that Malin—a lawyer qualified to give testimony only on the standard of care—is not qualified to give testimony about the financial well-being of Generex, including whether it would have continued as a going concern or been sold at a "fire sale"

[2] Although Rule 703 allows an expert to rely on information that is not necessarily admissible, such inadmissible information can only be disclosed to the jury if its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 703. Plaintiff has not come close to making that showing here with respect to the 2010 Appraisal and/or the 2020 Fair Market Analysis. Nor is that balancing even warranted at this late stage given Plaintiff's representations in this proceeding.

[ECF No. 118 pp. 10–11 (Defendants noting that Malin is not a licensed CPA, never handled a public audit, is not a licensed appraiser, and has no formal accounting training, experience, or education)]. There is simply no basis in the record to believe that Malin is qualified to offer an opinion on those subjects, directly or indirectly [*see* ECF No. 118 p. 10 (citing Malin's deposition)]. Plaintiff could have developed proper damages evidence and/or expert opinions on damages during discovery. It chose not to [ECF No. 192 p. 45]. It cannot now attempt to indirectly backdoor that testimony through an expert clearly not qualified to testify on such topics. The Court has no problem rejecting Plaintiff's improper attempt to configure Malin into a disguised expert on damages.

**ORDERED** in Chambers at Fort Pierce, Florida this 30th day of March 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record